IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

RONALD E. JARMUTH,

        Plaintiff,

                      Civil Action No. 1:07CV33

v.

                      (Judge Keeley)

KEVIN COX and
KEVIN COX PROFESSIONAL GROUP
now known as KEVIN COX, M.D., PROFESSIONAL
CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to dismiss filed by the defendants, Kevin Cox and Kevin Cox Professional Group (collectively "Cox"), on July 2, 2007. Also before this Court is a motion to remand filed by the Plaintiff, Ronald E. Jarmuth ("Jarmuth"), on March 19, 2007. Both motions are fully briefed and ripe for review. For the following reasons, the Court **GRANTS-IN-PART** the motion to dismiss and **DISMISSES WITH PREJUDICE** Counts II, III, and IV. Additionally, the Court **GRANTS-IN-PART** the motion to remand and **REMANDS** Count I to the Circuit Court of Harrison County.

### I. BACKGROUND

On June 15, 2006, Jarmuth was employed by the United States Army in Harrison County, West Virginia and filed a Notice of

**MEMORANDUM OPINION AND ORDER**

Occupational Disease or Injury with his supervisor. On February 9, 2007, at the request of the Office of Workers' Compensation Programs (OWCP), Jarmuth went to Dr. Cox's office in Elkins to receive a "second opinion." Following this visit Jarmuth filed his initial complaint alleging personal injury and several counts concerning the confidentiality of his medical records. On February 21, 2007, Jarmuth filed this action in the Circuit Court of Harrison County, West Virginia. Pursuant to 28 U.S.C. § 1446, Cox timely removed the case to this Court on March 12, 2007. In its notice of removal, Cox asserted that original jurisdiction existed under 28 U.S.C. § 1331 over all "civil actions arising under the Constitution, laws, or treaties of the United States" and supplemental jurisdiction over other state claims pursuant to 28 U.S.C. § 1367. Jarmuth's Verified Complaint set forth violations of the Privacy Act and the Federal Employees Compensation Act (FECA). Following removal of his action, Jarmuth filed a motion to remand to state court, claiming this Court lacked subject matter jurisdiction.

On May 17, 2007, following a hearing, this Court ordered Jarmuth to amend his complaint and clarify his pleadings. It held his Motion to Remand in abeyance and denied all other pending motions without prejudice. Jarmuth filed his Amended Complaint on

May 31, 2007, in which he alleged: Count I - Assault/Unauthorized Touching; Count II - Actual or Planned Unauthorized Breach of Confidentiality; Count III - Refusal by Defendants to Provide Plaintiff Copies of Records; and Count IV - To Compel Destruction of Privileged or Confidential Records Relating to Plaintiff. Cox then filed a Motion to Dismiss the Amended Complaint on July, 2, 2007. This Court stayed all proceedings pending resolution of the pending motions to which are ripe for review.

## II. STANDARD OF LAW

### A. *COX'S MOTION TO DISMISS*

A court should grant a Rule 12(b)(6) motion only if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citation omitted). "When a federal court reviews the sufficiency of a complaint, . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Sherer, 468 U.S. 183 (1984).

3

### B. *JARMUTH'S MOTION TO REMAND*

"Typically, an action initiated in a state court can be removed to federal court only if it might have been brought in federal court originally." Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003). The party seeking removal bears the burden of showing that the district court has original jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "[C]ourts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

### III. ANALYSIS

#### A. *JURISDICTION*

The face of Jarmuth's original complaint clearly referenced issues of federal law that were proper for this court to address. In his Amended Complaint clarifing whether his claims actually involved issues of federal law, Jarmuth deleted all references to federal law. It is clear, however, that the underlying issues in three of the four counts of the Amended Complaint revolve around interpretation of federal law, specifically the FECA and the Privacy Act.

Federal regulations apply to any claims regarding access or disclosure of these records.  FECA preempts any state law medical records disclosure provisions.

> This system of records is maintained by and under the control of OWCP, and, as such, all records covered by DOL/GOVT-1 are official records of OWCP. The protection, release, inspection and copying of records covered by DOL/GOVT-1 shall be accomplished in accordance with the rules, guidelines and provisions of this part, as well as those contained in 29 CFR parts 70 and 71, and with the notice of the system of records and routine uses published in the Federal Register. ***All questions relating to access/disclosure, and/or amendment of FECA records maintained by OWCP or the employing agency, are to be resolved in accordance with this section.***

20 C.F.R. § 10.11.

Cox claims that this Court has original jurisdiction based upon the federal question doctrine, which states that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Jarmuth's original complaint specifically cited federal law; causes of action "arising under" federal law, thus, were obvious. Nevertheless, because he is a pro se plaintiff, upon request, the Court allowed Jarmuth to amend his complaint to clarify the nature of his claims.  He did so by deleting his original references to federal law in Counts II through IV, apparently believing, thereby, that his complaint as amended would only state claims under West Virginia law.

5

> There is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the common sense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

<u>Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005).

While Jarmuth may have deleted his references to federal law, his claims "turn on substantial questions of federal law," most notably the FECA and the Privacy Act. While there is no precise test for determining jurisdiction over these issues, the Supreme Court has noted that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Id</u>. at 314. Additionally, the Fourth Circuit has found "[w]here the resolution of a federal issue in a state-law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal

6

courts." Ornet Corp. v. Ohio Power Co., 98 F.3d 799, 807 (4th Cir. 1996).

Resolution of Counts II through IV of the amended complaint deal with the release, destruction, and refusal to provide records. These claims hinge on the correct application of federal law, notably the Privacy Act and FECA. Jarmuth actually recognized this fact in his original complaint. The Court, therefore, concludes that substantial issues regarding the need for uniformity, consistency, and the interpretation of federal law justify its exercise of jurisdiction in his case.

## B.  ARTFUL PLEADING DOCTRINE

Jarmuth's Amended Complaint references and quotes specific documents which refer to the U.S. Department of Labor, the OWCP, and even the U.S. Army as his employer. Additionally, he references letters he wrote regarding the release of his records which specifically reference the OWCP. Thus, his attempt to camouflage the underlying nature of his claims is unsuccessful. This Court may consider documents referenced in the Amended Complaint when considering a motion to dismiss. Materials that are part of the public record or that do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss

7

without converting the motion to a motion for summary judgment." Pennington v. Teufel, 396 F. Supp.2d 715 (N.D. W. Va. 2005).

Under the artful pleading doctrine "the removal court must 'determine whether the real nature of the claim is federal, regardless of plaintiff's characterization.'" Virden v. Altria Group, Inc., 304 F. Supp.2d 832, 838 (N.D. W. Va. 2004). As already noted, Counts II through IV of the Amended Complaint clearly deal with issues of federal law, specifically the FECA, 5 U.S.C. § 8101, and the Privacy Act, 5 U.S.C. § 552a. The documents Jarmuth references in his Amended Complaint make clear that he was a federal employee, that he filed a federal workers' compensation claim, and that the OWCP sent him to Dr. Cox for a "second opinion."

## C. COUNTS II - IV

Jarmuth's Count II alleges "Actual or Planned Unauthorized Breach of Obligation of Confidentiality . . . by Actual or Promised Unauthorized Release." However, FECA requires records to be provided to the OWCP. 45 C.F.R. § 164.512 states that "[a] covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508." This § also provides that a "covered entity may disclose protected health information as authorized by and to the extent necessary to

8

comply with laws relating to workers' compensation or other similar programs." 45 C.F.R. 164.512(l)

Count III of Jarmuth's amended complaint alleges that Cox refused to provide copies of "ANY" and "EVERY" record relating to Jarmuth which Cox controlled. This demand is covered by certain federal regulations that specify these records are official records of the OWCP. The Rule reads in part:

> All records relating to claims for benefits filed under the FECA, including any copies of such records maintained by an employing agency, are covered by the government-wide Privacy Act system of records entitled DOL/GOVT-1 (Office of Workers' Compensation Programs, Federal Employees' Compensation Act File). This system of records is maintained by and under the control of OWCP, and, as such, **all records covered by DOL/GOVT-1 are official records of OWCP.**

20 C.F.R. 10.11. Additionally, a "claimant seeking copies of his or her official FECA file should address a request to the District Director of the OWCP office having custody of the file. A claimant seeking copies of FECA-related documents in the custody of the employer should follow the procedures established by that agency." 20 C.F.R. § 10.12(a). Jarmuth's September 12, September 14, and September 17 letters requesting his records reference federal regulations and two of the three specifically mention the Office of Workers' Compensation. These records are official records of the OWCP and Jarmuth, therefore, must follow the federal regulations

9

regarding disclosure of those records. Cox is not free to turn over records that it does not control.

In Count IV, Jarmuth seeks to compel the destruction of confidential information in the possession of Cox. Again he references his written demands to Cox, which make clear that his dispute involves federal workers' compensation law and the Privacy Act. Jarmuth seeks to have records destroyed that, clearly, are required to be turned over to the Government for purposes of investigating workers' compensation claims. 5 U.S.C. § 552(b)(3), 67 F.R. 16816, 16827-28. Moreover, as noted earlier, these records are "official records of the OWCP" and therefore Jarmuth has no right to demand their destruction.

> Agency medical officers, *private physicians* and hospitals are *required* to keep records of all cases treated by them under the FECA so they can supply OWCP with a history of the injury, a description of the nature and extent of injury, the results of any diagnostic studies performed, the nature of the treatment rendered and the degree of any impairment and/or disability arising from the injury.

20 C.F.R. § 10.800.

Jarmuth has failed to establish that federal law does not cover Counts II through IV. Moreover, he has failed to offer any justification for these claims based upon the controlling law. Therefore, even when drawing all reasonable factual inferences in

his favor, the Court concludes that Jarmuth cannot prove any set of facts in support of his claim entitling him to relief.

## D. *COUNT I*

Jarmuth's remaining Count, Count I, alleges Assault-Unauthorized Touching during health care services provided by Dr. Cox and revolves around an interpretation of West Virginia state law, specifically the Medical Professional Liability Act. With the dismissal of all federal claims, Count I can be best addressed by the state court and this Court declines to exercise supplemental jurisdiction over that claim.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS-IN-PART** Cox's motion to dismiss and **DISMISSES WITH PREJUDICE** Counts II, III, and IV of the Amended Complaint. The Court **GRANTS-IN-PART** the Plaintiff's Motion to Remand and **REMANDS** the case to the Circuit Court of Harrison County for further proceedings regarding the sole remaining count, Count I. The Court also **ORDERS** that the case be **STRICKEN** from the docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: September 28, 2007.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE